| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JOEL VARGAS, §
　　　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 1:22-CV-193
　　　　　　　　　　　　§
UNITED STATES OF AMERICA, §
　　　　　　　　　　　　§
　　　　Respondent. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joel Vargas, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges convictions for interstate transportation of property, conspiracy and tampering with a witness, victim or informant.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant's objections focus on his conviction for tampering with a witness, victim or informant, in violation of 18 U.S.C. § 1521(b), and his assertion there was no evidence establishing this crime occurred within the Eastern District of Texas. As the magistrate judge

stated, Section 1512(i) provides that a prosecution for witness tampering may be brought in the district in which the official proceeding was intended to be affected, or in the district where the conduct constituting the alleged offense occurred. The indictment returned against movant was returned by a grand jury sitting in the Eastern District of Texas. *United States v. Vargas*, 6 F.4th 616, 620 (5th Cir. 2021). As a result, there was evidence that venue for this offense was proper in the Eastern District of Texas.

## ORDER

Accordingly, movant's objections (#31) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#30) is **ADOPTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for issuing a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be

considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether he is entitled to relief is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 13th day of August, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE